Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:           (619) 233-7770
Office Fax Number:       (619) 297-1022

Attorneys for Cristina Elizabeth Wiseman

[Additional Attorneys for Plaintiff on Signature Page.]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cristina Elizabeth Wiseman, on behalf of herself and all other similarly situated individuals,<br><br>Plaintiff,<br>v.<br><br>Moore Brewer Wolfe Jones Tyler & North and Cabrillo Credit Union,<br><br>Defendants. | **Case No:** '17CV0935 JAH BLM<br><br>**Complaint For Damages**<br><br>**Class Action**<br><br>1. **Fair Debt Collection Practices Act, 15 U.S.C. § 1692** *et seq.*<br>2. **Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Plaintiff Cristina Elizabeth Wiseman, through her attorneys, brings this class action on behalf of herself and other similarly situated individuals, challenging the actions of Defendant Moore Brewer Wolfe Jones Tyler & North ("Moore Brewer") and Defendant Cabrillo Credit Union ("Cabrillo"), (jointly, "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

8. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

12. Because Defendants do business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391.

14. At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

15. Plaintiff is a natural person who resides in the County of San Diego, State of California.

16. Defendants are located in the County of San Diego, in the State of California. Defendant Moore Brewer's principal office is in La Jolla. Defendant Cabrillo is a credit union with branches nationwide, including various cities within San Diego county.

17. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendant Moore Brewer is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6). Defendant Moore Brewer, at all material times hereto, on behalf of and with authorization of Defendant Cabrillo, collects debts due and owed to Defendant Cabrillo.

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

20. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore, debt collectors as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

22. Sometime before May 17, 2016, Plaintiff is alleged to have incurred certain financial obligations.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime around May, 2016, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

26. Subsequently, but before June 14, 2016, the alleged debt was assigned, placed, or otherwise transferred to Defendant Moore Brewer for collection.

27. Defendant Moore Brewer was an authorized representative of and an attorney for Defendant Cabrillo.

28. On or about June 14, 2016, Defendants jointly mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

29. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

30. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

31. This initial communication stated "[a]t this time, the unpaid balance on your MasterCard account is $6,686.35, plus accruing interest, attorney fees and other charges as provided under the terms of your account documents."

32. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant Moore Brewer violated 15 U.S.C. § 1692f and 1692f(1) by engaging into unfair and abusive debt collection practices.

33. Because this omission violated the language in 15 U.S.C. §§ 1692f and 1692f(1), both Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 1692f(1).

34. Defendants failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendants would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendants in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendants would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendants and that Defendants would provide Plaintiff with the name and address of the original creditor. This omission by Defendant Moore Brewer violated 15 U.S.C. § 1692g.

35. The written disclosures under 15 U.S.C. § 1692g are one of the most important requirements under the FDCPA, and Congress expressly requires debt collectors to provide debtor's with their rights.

36. Because this omission violated the language in 15 U.S.C. § 1692g, Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692g.

37. The June 14, 2016 communication also stated that "[i]f a judgment is entered against you, you will be responsible for attorney fees and costs in addition to the unpaid balance on your account, which will further increase your debt to the Credit Union."

38. In realty, if a judgment were entered against Plaintiff, she *may* be responsible for reasonable attorney fees and costs.

39. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant Moore Brewer violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

40. Through this conduct both Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

41. As a direct and proximate result, Plaintiff was personally affected and suffered injury, including but not limited to mental anguish and anxiety, sleeplessness, irritability, and frustration.

*Vicarious Liability*

42. At all material times, Moore Brewer was an authorized agent of Cabrillo, and an attorney representing Cabrillo.

43. Pursuant to *Fox v. Citicorp Credit Services,* 15 F.3d 1507, 1505, the actions of the attorney are to be imputed to the client on whose behalf they are taken.

44. At all relevant times, the actions taken by Moore Brewer were in the scope of the agency relationship and in furtherance of Cabrillo's interests, and therefore, imputed upon Cabrillo.

45. Prior to the debt collection activities described above, Cabrillo retained Moore Brewer as Cabrillo's legal representative to collect on Cabrillo's debt.

46. Moore Brewer's representation of Cabrillo continues to present, and all acts and omissions described above were conducted at the direction and control of Cabrillo, and thus, imputed on Cabrillo under the common law agency doctrine of respondeat superior, and vicarious liability.

## CLASS ALLEGATIONS

47. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within California who received any collection correspondence from Defendants, within the one year prior to the filing of this Complaint, that is identical or substantially similar to the June 14, 2016 correspondence Plaintiff received from Defendant.

48. Plaintiff represents, and is a member of, The Class, because Plaintiff received Defendant's June 14, 2016 correspondence.

49. Defendants, their employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

50. Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: (a) Defendants, either directly or through their agents, illegally communicated with Plaintiff and The Class members in

writing in which they demanded unauthorized fees in violation of § 1692f(1); (b) Defendants, either directly or through their agents failed to provide a written disclosure pursuant to § 1692g to Plaintiff and The Class members that unless Plaintiff and The Class members, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendants would assume the debt was valid, and failed within five days after its initial communication with Plaintiff and The Class members to provide a written notice containing a statement that if Plaintiff and The Class members notified Defendants in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendants would obtain verification of the debt or a copy of a judgment against Plaintiff and The Class members; (c) Defendants, either directly or through their agents, illegally communicated with Plaintiff and The Class members in writing in which they included similar language within Plaintiff's correspondence, using false, deceptive, and misleading statements. Plaintiff and The Class members were damaged thereby.

51. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

52. The suit seeks damages and injunctive relief on behalf of The Class, and it expressly not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

53. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between The Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether Defendants have a policy of communicating with consumers in connection with the collection of an alleged debt wherein Defendants demand unauthorized fees within its correspondences to consumers;

    b. Whether Defendants fail to inform consumers and provide certain disclosures pursuant to § 1692g;

    c. Whether Defendants' letter is false and misleading to the least sophisticated consumers;

    d. The nature and extent of damages and other remedies to which the conduct of Defendants entitles the Class members.

54. As a person that received collection correspondences from Defendants wherein Defendants fail to inform her of the total amount of debt by omitting the amount of interest and charges, Plaintiff is asserting claims that are typical of The Class.

55. Plaintiff further received Defendants' correspondence in which Defendants demanded unauthorized fees, failed to provide Plaintiff with certain required disclosures pursuant to § 1692g, and included false and/or misleading statements, and thus asserting claims that are typical of The Class.

56. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

57. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all

Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

58. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

59. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

**(PLAINTIFF V. MOORE BREWER, ONLY)**

60. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

61. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

62. As a result of each and every violation of the FDCPA, Plaintiff and each Class member is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Moore Brewer.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32
### (PLAINTIFF V. ALL DEFENDANTS)

63. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

64. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

65. As a result of each and every violation of the Rosenthal Act, Plaintiff and each Class member is entitled to statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and each Class member prays that judgment be entered against Defendant, and Plaintiff and each Class member be awarded damages from each Defendant, as follows:

- This action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

- Appoint Plaintiff's Counsel as Class Counsel in this matter; and

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### (PLAINTIFF V. MOORE BREWER, ONLY)

- An award of statutory damages of $1,000.00 per class member, or of $500,000.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Prejudgment interest; and
- Any and all other relief that the Court deems just and proper.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

### (PLAINTIFF V. ALL DEFENDANTS)

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Prejudgment interest; and
- Any and all other relief that the Court deems just and proper.

///

///

### DEMAND FOR JURY TRIAL

66. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,
**Hyde & Swigart**

Date: May 8, 2017

By: *s/Joshua B. Swigart*
Joshua B. Swigart
josh@westcoastlitigation.com
Attorneys for Plaintiff

Additional Counsel for Plaintiff:
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Daniel G. Shay, Esq (SBN: 250548)
danielshay@tcpafdcpa.com
**Law Office of Daniel G. Shay**
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
San Diego, CA 92108
Facsimile: (866) 431-3292